No. 8235.

BROWN *v.* THE STATE, EX REL. STOUT.

OFFICIAL BOND.—*Acknowledgment of Execution.*—*Justices of the Peace.*— The official bond of a justice of the peace is not invalid on account of the failure of the principal and sureties therein to acknowledge its execution, as required by the act of 1865, 1 R. S. 1876, p. 195, where such bond is accepted and approved without the acknowledgment.

From the Union Circuit Court.

*L. H. Stanford*, for appellant.
*J. Yaryan*, for appellee.

Best, C.—Baltzer F. Miller was elected a justice of the peace, executed his bond, with the appellant as his surety; and this suit was brought by the State, upon the relation of Atlas L. Stout and others, against the appellant, upon such bond, to recover $107, alleged to have been collected for the relators by such justice and by him converted to his own use.

A demurrer, for want of facts, was overruled to the complaint, and a similar one was sustained to the third paragraph of the answer. To these rulings exceptions were taken. Upon the issues formed the cause was tried, and final judgment rendered for $85.20.

From this judgment the appellant appeals, and insists that the court erred in overruling the demurrer to the complaint and in sustaining one to the third paragraph of the answer.

The objection urged to the complaint is, that the bond sued upon was not, nor was a copy of it, filed with the complaint. Since this objection was made, a *certiorari* has been issued for a corrected record, and the clerk's return thereto shows that a copy of the bond was filed with the complaint, and hence this objection is unfounded in fact.

In the third paragraph of the answer it was averred that the appellant did not, nor did the principal in the bond, ever acknowledge its execution, as required by law, and, for that reason, it is insisted that the bond is void.

There is nothing in this defence. It is true that the act of December 21st, 1865, provides that no official bond of any public officer shall be accepted or approved until the execution thereof shall have been duly acknowledged before some officer authorized to take the acknowledgment of deeds, by the principal and sureties executing the same, but the failure to do this does not impair the validity of such bonds as are accepted and approved without such acknowledgment. This precise question arose, and was decided adversely to the appellants, in the case of *The State, ex rel.,* v. *Blair,* 32 Ind. 313. We approve of the decision made in that case.

This disposes of the only questions raised. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of appellant, with ten per cent. damages.